IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CASE NO. 1:18-CV-01355

AMBER BUCK,

    Plaintiff,

v.

MICHAEL CADENA,

    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, Michael Cadena, by his undersigned attorneys, hereby removes the above-captioned action, and all claims and causes of action therein, from the Circuit Court of Illinois of McLean County, where it is currently pending as Case No. 14-F-145, to the United States District Court for the Central District of Illinois,

As grounds therefor, the Defendant states:

### BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about July 3, 2017, Plaintiff, Amber Buck, commenced an action in the Circuit Court of Illinois of McLean County against Defendant, Michael Cadena, for Injunctive Relief requiring that Defendant be required to return the child to the State of Illinois.

2. On September 11, 2018, the Circuit Court entered an Order on Direct Criminal Contempt by Motion of the Plaintiff without a hearing and for actions <u>not</u> committed in the Court's actual presence.

3. On September 27, 2018, the Defendant was sentenced to serve the maximum sentence of six months in prison for being found in Direct Criminal Contempt. To do so, the Circuit Court Judge, in tandem with the Plaintiff, required the presence of the local sheriff to determine how to fashion valid warrants and enforce extraditions before modifying the warrant for Defendant's arrest accordingly.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 on the grounds that this case involves questions of federal constitutional law, and pursuant to 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Timing is proper under 28 U.S.C. § 1446(b)(3) because the September 11, 2018 Order is the first paper from which it can be ascertained that this case is one which has become removable under 28 U.S.C. § 1331.

6. Venue is proper in this Court because the State Court Action is pending in Bloomington, Illinois under 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 93 (b) (listing the counties within the Central District of Illinois).

## FEDERAL QUESTION JURISDICTION EXISTS

7. This case is removable under 28 U.S.C. § 1441 because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff's claim and Judge's finding that Defendant was in criminal contempt concerns Defendant's constitutional right to due process under the Fourteenth Amendment to the U.S. Constitution. The Defendant was denied due process of law when he was not given a hearing before being found in criminal contempt and suffered a violation of his right to life, liberty, and the pursuit of happiness.

8. To the extent that Plaintiff's claim concerns a question of direct or indirect criminal contempt, the facts indicate that the Defendant was still denied his constitutional rights given that the actions the Judge found contumacious occurred outside of her actual presence, and she still proceeded to deny his right to hearing and due process.

9. The Defendant's due process rights were further violated when the Circuit Court Judge proceeded to act in an unconstitutional manner that infringed on the enforcement actions of the Executive Branch, eroding and violating the Separation of Powers Provisions of the U.S. Constitution, effectively denying the Defendant fair treatment through the normal judicial system.

10. Moreover, the Defendant maintains that he had a constitutional right to act in the manner that he did when the Order for Criminal Contempt was issued, so he was denied his constitutional right given that the Judge found these acts to be contumacious and denied his right to hearing and due process.

11. In addition, Plaintiff's claims and Judge's Order on Defendant's allegedly contumacious acts concern Defendant's constitutional and fundamental right to protect, rear, and direct the upbringing of his child under his control.

## DIVERSITY JURISDICTION EXISTS

12. This case is further removable under 28 U.S.C. § 1441(b) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff is a citizen of the State of Illinois, whereas Defendant is a citizen of the Commonwealth of Massachusetts.

13. Further, the amount in controversy is at least $300,000, given that Plaintiff's claim of criminal contempt has or will result in Defendant suffering damages from a $25,000 bond

for his bench warrant (no 10% to apply), lost wages in the amount of $47,538, lost wages for his mother in the amount of $24,170, cross-country moving costs for himself and his son in the amount of $15,000, moving costs and housing costs for caring for his mother in the amount of $30,000, severe emotional distress and therapy costs for his son in the amount of $50,000, and Defendant's severe emotional distress, humiliation, mental anguish, anxiety, exacerbation of Post-Traumatic Stress Disorder and therapy costs in the amount of $110,000.

### OTHER REMOVAL PREREQUISITES ARE MET

14. Plaintiff's Petition for Injunctive Relief was filed on July 20, 2017. Defendant was found to be in criminal contempt on September 11, 2018, thereby giving rise to the afore-mentioned federal questions now at issue. Though this Notice of Removal was not filed within one year of the commencement of the action, this notice of removal is filed within 30 days of receipt of the Order on Direct Criminal Contempt and is therefore timely under 28 U.S.C. § 1446(b).

15. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this notice the following papers, which are all of the process, pleadings, and orders served on it prior to removal of this action:

    a. Civil case docket sheet for the state court action, *attached hereto as **Exhibit 1***; and

    b. All pleadings and orders in the state court action, *attached hereto as **Exhibit 2***.

16. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, *attached hereto as **Exhibit 3***, together with this Notice of Removal will be served upon Counsel for the Plaintiff, and will be filed with the clerk of the Circuit Court of Illinois of McLean County. That filing will automatically effect the removal of the subject action to this Court, in its entirety, for future proceedings pursuant to 28 U.S.C. § 1446(d).

17. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of his position that subject matter jurisdiction exists.

WHEREFORE, the Defendant requests that the action now pending before the Circuit Court of Illinois of McLean County, Civil Action No. 14-F-145, be removed to this Court.

Dated: September 28, 2018.

Respectfully submitted,

MICHAEL CADENA

By his Attorney,

س/ Diane Nordbye
Diane Nordbye, Esq.
MA BBO No. 689319
SHAPIRO LAW GROUP
305 East Grove Street
Bloomington, Illinois 61701
T: 309.827.3700
F: 309.828.4496

## CERTIFICATE OF SERVICE

I, Diane Nordbye, Esq. hereby certify that I caused a copy of the foregoing documents to be served via United States Postal Service, with proper postage prepaid, from Woburn, Massachusetts on the 28th day of September, 2018, at approximately 5:00 p.m. to the following:

Tristan Bullington, Esq.
MEYER CAPEL
202 North Center Street, Suite 2
Bloomington, Illinois 61701

s/ Diane Nordbye
Diane Nordbye, Esq.