UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMBER BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1355-JES-JEH |
| | ) | |
| MICHAEL CADENA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On October 2, 2018, the Court entered an Order remanding the above-captioned action to the McLean County Circuit Court, directing counsel for Cadena (attorney Nordbye) to show cause as to why she should not be sanctioned under Rule 11 of Federal Rules of Civil Procedure, and inviting counsel for Buck (attorney Bullington) to submit a petition for fees and costs arising out of the improper removal. Counsel for Buck has since submitted a Petition for Attorney's Fees and Costs (Doc. 5), and Counsel for Cadena has filed a Response to Order to Show Cause (Doc. 6).

Attorney Nordbye's 24-page Response to the Order to Show Cause is well-drafted and is replete with case law that she believes supports her factual and jurisdictional arguments. But the *post hoc* justifications offered in her Response do not change the nature of this case from anything other than a child custody dispute where one parent was held in contempt by the state court judge. The Court therefore finds that sanctions are warranted.

*(1) Counsel's Removal was Procedurally Defective*

In the Court's remand and show cause Order, it noted that:

"A *defendant* … desiring to remove any civil action from a State court shall file in
the district court…a notice of removal…." 28 U.S.C. § 1446(a) (emphasis added).

1

>Cadena repeatedly characterizes his role in the state court proceedings as a defendant. Yet the caption of the initial pleading attached to the Notice of Removal lists him in the caption as the petitioner, as do the references throughout the attached docket sheet. Counsel does not even address the discrepancy, merely asserting that Buck commenced an action on July 3, 2017 "against Defendant, Michael Cadena," for injunctive relief. Doc. 1, at 1. Although in some instances a court may "ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation," *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981), Cadena does not ask this Court to do so. Removal is therefore improper because Cadena is not a defendant in the underlying state court action. 28 U.S.C. § 1446(a).

Doc. 2, at 5. Counsel states in her Response that under the Illinois Civil Procedure Act, "the petitioner in a petition for order of protection might be the respondent in the original case, or vice versa." Doc. 6, at 8. Thus, she argues that her characterization of Cadena as the defendant in the Notice of Removal was consistent with Illinois law. First, the Court notes that the Illinois Appellate Court referred to Cadena as the petitioner when it affirmed the McLean County Circuit Court's order requiring Cadena to return the minor child to Illinois within 60 days. *See Cadena v. Buck*, 2018 IL App (4th) 180035-U (Apr. 23, 2018). Moreover, "[f]or the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (internal citations omitted).

Likewise, counsel's argument that Buck's "petition for finding of direct criminal contempt and request for interstate extradition … fundamentally altered the original case" is unconvincing. The case remains a child custody dispute. The contempt finding arose from Cadena's failure to abide by the McLean County Circuit Court's order, affirmed on interlocutory appeal, requiring Cadena to return the minor child to Illinois. The petitions filed by Buck were thus more akin to a counterclaim. And Cadena's status, akin to a counter-defendant in a state

court action, does not allow him to remove the case to federal court. *See First Bank v. DJL Properties, LLC*, 598 F.3d 915, 916 (7th Cir. 2010) ("Chapter 89 of the Judicial Code, 28 U.S.C. §§ 1441-53, authorizes removal of certain cases by 'defendants.' Almost 70 years ago, the Supreme Court concluded that a litigant who files suit in state court is a "plaintiff" and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant-and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation. That rule may be as old as 1867. It remains the law for removal in general.…") (internal citations omitted).

Finally, counsel argues that removal was proper because Buck's "new claims from her Petition so changed the nature of the claims from family to criminal…." Doc. 6, at 12. She goes on to explain all of the issues with the McLean County Circuit Court's criminal contempt finding. Yet removal under 28 U.S.C. § 1441 applies only to *civil* actions. Thus, even if the Court were to find that Cadena was a defendant in a separate criminal case, removal under § 1441 would nonetheless be improper.

*(2) This Court Lacks Subject Matter Jurisdiction Over the Case*

Counsel attempts to argue that Cadena's extradition from Massachusetts to Illinois somehow transforms this case into one where federal jurisdiction is proper. In support of her position, she cites *Puerto Rico v. Branstad*, 483 U.S. 219, 227 (1987), for the proposition that "the Extradition Clause creates federal rights, thereby sustaining § 1331 jurisdiction." Doc. 6, at 5. The Court in *Branstad* held that federal courts have jurisdiction under the Extradition Clause to compel executive officers or courts in an asylum state to perform their ministerial duty to deliver up fugitives upon demand. *Id*. Thus, *Branstad* allows federal courts to *enforce* the rendition of fugitives by asylum state, not the authority to second-guess state court extradition

orders from the state where the alleged offense was committed. *Id*. *Branstad* has no application here.

Counsel's assertion that the extradition order created a federal question under 28 U.S.C. § 1331 such that removal was proper is also unsupported by case law. *See New Mexico, ex rel. Ortiz v. Reed*, 524 U.S. 151, 153 (1998) ("In case after case we have held that claims relating to what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State."); *Coungeris v. Sheahan*, 11 F.3d 726, 729 (7th Cir. 1993) ("The essence of Mr. Coungeris' argument is that he was not allowed to defend the sufficiency of the charges against him in the asylum state of Illinois. The Extradition Clause, however, does not permit an inquiry by the asylum state into whether the charging instrument can withstand a motion to dismiss.… Such a challenge is properly left to the prosecutors and courts of the demanding state of Michigan."). Cadena's limited remedy to the sufficiency of the extradition order is through a petition for writ of habeas corpus, not removal of the state court suit to federal court. *See, e.g., California v. Superior Court*, 482 U.S. 400, 412 (1987) ("[S]urrender is not to be interfered with by the summary process of habeas corpus upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place.") (internal quotations omitted).

At bottom, counsel's removal of this child custody case to federal court was not done to continue the litigation in a different forum, but to challenge the orders already issued in the state court case. Regardless of the finality of the state court orders, this was improper. *See Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) ("Once a court issues an order, the collateral bar doctrine prevents the loser from migrating to another tribunal in search of a decision he likes

better.") (*citing Celotex Corp. v. Edwards,* 514 U.S. 300 (1955)); *Juidice v. Vail*, 430 U.S. 327, 335–36 (1977) ("The contempt power lies at the core of the administration of a State's judicial system.… Whether disobedience of a court-sanctioned subpoena, and the resulting process leading to a finding of contempt of court, is labeled civil, quasi-criminal, or criminal in nature, we think the salient fact is that federal-court interference with the State's contempt process is an offense to the State's interest . . . likely to be every bit as great as it would be were this a criminal proceeding.") (internal quotations omitted). In sum, and as the Court previously discussed in detail in its prior Order, attorney Nordbye lacked an objectively reasonable basis for removing this action.

*(3) Sanctions*

In the Court's prior Order, it invited counsel for Buck to submit a petition for costs and expenses. *See* 28 U.S.C. § 1447(c); *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012). Counsel for Buck did so on October 9, 2018. Doc. 5. In his Petition, counsel requests $2,120 as an award of fees and costs in connection with this removed action. *Id.*

The Court also stated in its remand and show cause Order that:

> Another scenario is that counsel filed the Notice of Removal for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Court therefore orders counsel to show cause, within 7 days of this Order, as to why Rule 11 sanctions are not appropriate. *See* Fed. R. Civ. P. 11(c)(3). <u>Counsel should inform the Court whether her client is in custody, whether the minor remains in Cadena's custody, and the effect that removal had on either Cadena, the minor, Buck, or the state court proceedings.</u> The Court informs counsel that it is considering both monetary sanctions and referral of this Order to the Massachusetts Board of Bar Overseers for inquiry, as they deem appropriate, into whether counsel's conduct violated, *inter alia*, Rule 3.3 of the Massachusetts Rules of Professional Conduct.

Doc. 2, at 10 (emphasis added). Counsel went to great lengths to provide *post hoc* factual and legal justification for removing this action to federal court, but despite the Court's direction,

5

counsel failed to identify in her Response the effect the removal had on the state court parties and proceedings. Because counsel failed to provide this information to the Court after she was directed to do so, the Court must assume that removal did in fact cause unnecessary delay and needlessly increased the cost of litigation. The Court thus finds the following sanctions are appropriate and necessary:

1. Attorney Bullington's Petition (Doc. 5) for Attorney's Fees and Costs is GRANTED in the amount of $750. The award of fees and costs is payable by attorney Nordbye to attorney Bullington and shall be mailed to attorney Bullington within 14 days of this Order.

2. Attorney Nordbye must attend the Massachusetts Bar Association's *Practicing with Professionalism* CLE program and submit proof of her attendance and completion of the program by January 31, 2019. If attorney Nordbye is unable to attend the program by the above deadline, she may move for an extension of time to comply with this Order. The show cause order will be discharged upon her submission of proof of her attendance and completion of the program. Failure to timely complete the program will result in the imposition of monetary sanctions and referral of this Order to the Massachusetts Board of Bar Overseers.

Signed on this 17th day of October, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge